## Case No. 14,712.

UNITED STATES v. CAMBUSTON.

[Hoff. Land Cas. 86.] [1]

District Court, N. D. California. Dec. Term, 1855. [2]

MEXICAN LAND GRANT—VALIDITY OF GRANT.

No opposition to the confirmation of this claim.

Claim [by Henry Cambuston] for eleven leagues of land in Butte county, confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.

Volney E. Howard, for appellee.

HOFFMAN, District Judge. The original grant in this case is not produced, but it is shown to have been in the possession of the grantee in the year 1850, when it was deposited by him in the government archives, where it still remains. A traced copy is, however, filed; and the genuineness of the original fully established by proof. It appears in evidence that efforts to occupy the land were made by the grantee within the year, and that in 1847 he had built a house, stocked his rancho, and cultivated a portion of it under the superintendence of his major domo. The exterior boundaries of the tract are sufficiently indicated in the grant, and the quantity of land to be taken within those boundaries is mentioned as eleven leagues, if so much can be found outside of the lands of the neighbors, whose lines are to be respected.

The commissioners have confirmed this claim, and although the absence of the expediente containing the petition and other proceedings prior to the grant prevents the proof in this case from being of so conclusive character as in many others, yet the board does not seem to have entertained any doubt as to its genuineness, nor has the claim been opposed in this court in any argument on the part of the United States. It has been submitted to us for decision without comment, and though we would have desired fuller proofs on the subject, we do not feel at liberty to disregard the uncontradicted evidence which establishes the genuineness of the grant. The claim must therefore be confirmed.

[NOTE. Upon an appeal to the supreme court, the decree above was reversed, with directions to remand the cause to this court for a further hearing. 20 How. (61 U. S.) 59. In accordance with this mandate, the cause came before this court for a further hearing, which resulted in a decree rejecting the claim. Case No. 14,713. Cambuston having died, his widow ap-

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]
[2] [Reversed in 20 How. (61 U. S.) 59.]

peared in court, and asked to be permitted to become the party claimant of the land, as executrix of the will of her deceased husband, which had been admitted to probate May 3, 1869. An order to this effect was made April 3, 1875, and on the same day the claimant asked that a new trial be granted, and that the decree rejecting the claim might be reversed. The parties thereupon appeared, and, after hearing, the court denied the motion. On the same day, April 3, 1875, another appeal was allowed, both from the final decree and the order refusing a new trial. The United States moved to dismiss the appeal, because taken too late. The motion to dismiss was granted. 95 U. S. 285.]